**UNITED STATES of America,**
**Appellee,**

v.

**Spencer B. DURHAM, Defendant–**
**Appellant.**

No. 10–3299.

United States Court of Appeals,
Second Circuit.

March 5, 2012.

Paúl Camarena, North & Sedgwick, L.L.C., Chicago, IL, for Appellant.

Eugenia A.P. Cowles, Gregory L. Waples, Assistant United States Attorneys, for Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Spencer Durham appeals the denial of his motion, filed pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence for obstruction of mail. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"A defendant claiming ineffective assistance must (1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' ... and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Cohen*, 427 F.3d 164, 167 (2d Cir.2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "[A] lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable...." *Campusano v. United States*, 442 F.3d 770, 773 (2d Cir.2006) (citing *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). Durham's counsel did not file a notice of appeal despite Durham's timely request.

However, after the deadline to file such a notice passed, but at a time when his counsel could still have filed a motion for an extension, Fed. R.App. P. 4(b)(4), Durham withdrew his request. Accordingly, Durham is not entitled to relief. *Cf. Campusano*, 442 F.3d at 773 ("[W]here counsel's error leads to 'the forfeiture of a proceeding itself,' prejudice will be presumed." (quoting *Flores–Ortega*, 528 U.S. at 483–84, 120 S.Ct. 1029)).

Finding no merit in Durham's remaining arguments, we hereby **AFFIRM** the judgment of the district court.